```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
     _____

     KHALIL ABDUL HAKIM,                   1:22-cv-00587-NLH-EAP

               Plaintiff,                  OPINION

          v.

     DAKOTA ASSET SERVICES LLC;
     ROOSEVELT PARENT, LLC;
     JEFFREY TOLL; U.S. BANK
     NATIONAL ASSOCIATION;
     ROMANO, GARUBO & ARGENTIERI
     COUNSELORS AT LAW LLC; and
     EMMANUEL J. ARGENTIERI,

               Defendants.
     _____
```

Appearances:

KHALIL ABDUL HAKIM
26 RIVERBANK AVENUE
BEVERLY, N.J. 08010

    *Plaintiff appearing pro se*

JOSEPH NICHOLAS FROEHLICH
LOCKE, LORD, LLP
200 VESEY STREET
NEW YORK, N.Y. 10281

    *On behalf of Defendants Dakota Asset Services LLC;*
    *Roosevelt Parent LLC; Jeffrey Toll; and U.S. Bank National*
    *Association*

MICHAEL F.J. ROMANO
52 NEWTON AVENUE
P.O. BOX 456
WOODBURY, N.J. 08096

    *On behalf of Defendants Romano Garubo & Argentieri*
    *Counselors at Law LLC and Emmanuel J. Argentieri*

**HILLMAN**, District Judge

Pending before the Court are the motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) of Defendants Romano, Garubo & Argentieri Counselors at Law LLC ("RG&A") and Emmanuel J. Argentieri, (ECF 10), and Dakota Asset Services LLC ("DAS"), Roosevelt Parent, LLC ("Roosevelt Parent"), Jeffrey Toll, and U.S. Bank National Association ("U.S. Bank"), (ECF 11), and Plaintiff Khalil Abdul Hakim's ("Plaintiff") cross-motion seeking denial of Defendants' motions and to compel discovery, (ECF 15).  For the reasons expressed below, the Court will grant Defendants' motions to dismiss and deny Plaintiff's cross-motion as moot.

**I.   Background**

Plaintiff is a New Jersey resident and occupant of 26 Riverbank Avenue in Beverly, New Jersey (the "property").  (ECF 1 at ¶ 1).  DAS is a limited liability company wholly owned by non-party Rushmore Loan Management Services LLC ("RLMS"), which itself is wholly owned by non-party Roosevelt Management Company LLC, which is further wholly owned by Defendant Roosevelt Parent, a limited liability company organized under Delaware law.  (Id. at ¶¶ 2-3).  Toll is a New Jersey citizen and managing member of Roosevelt Parent.  (Id. at ¶ 4).  U.S. Bank is a national banking association headquartered in Minneapolis,

Minnesota, alleged trustee of RMAC Trust, and owner of record of the property via a sheriff's deed dated July 9, 2018 and recorded on July 19, 2018. (Id. at ¶ 5). RG&A is a professional limited liability company formed under New Jersey law and Argentieri is a New Jersey resident and managing partner for RG&A. (Id. at ¶¶ 6-7).

This matter stems from a foreclosure action commenced in New Jersey Superior Court for which final judgment was entered on April 23, 2018. (Id. at ¶ 12). Plaintiff was married to Connie White – the mortgagor for the relevant mortgage, resided in the subject property with White, was never a party to the state foreclosure action, and was not named in the final judgment. (Id.). Plaintiff asserts that RLMS,[1] while under the control of Roosevelt Parent and Toll and while using the name of U.S. Bank and RMAC Trust, unlawfully procured final judgment in the state foreclosure action via tampering and fabricating evidence. (Id. at ¶ 13). This tampering and fabrication included (1) trafficking, presenting, and authenticating an original note signed by White on June 30, 2007 to original lender Taylor, Bean & Whitaker ("TBW"); (2) concealing that TBW

---

[1] Plaintiff repeatedly refers to a non-party, "RMLS," in both the body of the complaint and attached discovery demand. (ECF 1 at ¶ 13; p. 27, 31, 36). The acronym "RMLS" is not defined in the complaint and thus the Court reads these portions as referring to "RLMS."

3

had its headquarters raided in August 2009 and that TBW later filed for bankruptcy and its chief executive was sentenced to prison; (3) trafficking, presenting, and authenticating three assignments that were false, forged, or void; (4) concealing that U.S. Bank never took an economic interest in the original note and mortgage, never purchased the debt, and never authorized the state foreclosure action; and (5) presenting and authenticating a January 10, 2018 affidavit that falsely claimed a default on the original note and mortgage signed by White while omitting that U.S. Bank was not harmed by non-payment because it did not have an economic interest in the note and mortgage and RLMS forwarded timely payments to the beneficiaries of RMAC Trust on behalf of White.  (Id.).

Plaintiff further alleges that DAS, while under the control of Roosevelt Parent and Toll, stole title to the property by using the name of U.S. Bank as the alleged trustee of RMAC Trust to procure the July 9, 2018 sheriff's deed all while being aware of and concealing that U.S. Bank had no knowledge of or involvement in the state foreclosure action, U.S. Bank was not injured, and records do not reflect that the property is a U.S. Bank asset.  (Id. at ¶ 14).  RG&A, though Argentieri, deceived the New Jersey Superior Court Clerk into issuing a writ of possession by falsely designating themselves as counsel for U.S. Bank while knowing and concealing that U.S. Bank never retained

4

them to litigate or proceed with the writ of possession, did not have knowledge of or involvement in the state foreclosure action, and has not taken ownership of the property, according to Plaintiff.  (Id. at ¶ 15).

Plaintiff further claims that RG&A and Argentieri acted in conspiracy with DAS and Roosevelt Partners – under the control of Toll – to steal possession of the property by falsely designating U.S. Bank as a real party in interest and deceiving the Burlington County Sheriff's Department into removing Plaintiff from the property by including with the writ of possession a certification that groups Plaintiff with White "as a purported tenant not protected by the New Jersey Tenant Anti-Eviction Statute . . . knowing that Plaintiff is not a party named in the State Court Action or the Final Judgment and Writ of Possession arising therefrom."  (Id. at ¶¶ 15-16).

Plaintiff filed the instant action on February 3, 2022 alleging four counts: (1) abuse of process against U.S. Bank, RG&A, and Argentieri, (id. at ¶¶ 24-27); (2) violations of the New Jersey, N.J.S.A. 2C:41-1, et seq., and federal, 18 U.S.C. § 1962(c); § 1964(c), Racketeer Influenced and Corrupt Organizations ("RICO") Acts as to all Defendants, (id. at ¶¶ 29-46); (3) conspiracy to defraud as to all Defendants, (id. at ¶¶ 48-50); and (4) intentional infliction of emotional distress as to DAS, U.S. Bank, RG&A, and Argentieri, (id. at ¶¶ 52-54).  In

5

a fifth count, Plaintiff seeks to quiet title pursuant to N.J.S.A. 2A:62-1 and for the Court to direct the Burlington County Clerk to discharge the sheriff's deed from the record. (Id. at ¶¶ 56-57).  In addition to quiet title and discharge of the sheriff's deed, Plaintiff seeks punitive and other damages in excess of $60 million.  (Id. at p. 23).

Defendants moved to dismiss, (ECF 10; ECF 11), and Plaintiff filed a cross-motion responding to Defendants' motions and seeking to compel discovery.  (ECF 15).  The pending motions were administratively terminated on June 28, 2022 in light of Plaintiff's Chapter 13 bankruptcy petition, (ECF 16), and Defendants filed reply briefs after the motions were restored to the docket.  (ECF 19; ECF 20).

**II. Discussion**

**A. Jurisdiction**

This Court exercises subject-matter jurisdiction based on Defendants' alleged violations of the federal RICO statute, see 28 U.S.C. § 1331, and the Court exercises supplemental jurisdiction over the related state-law claims, see 28 U.S.C. § 1367(a).

**B. Motions to Dismiss**

In advance or in lieu of an answer to a complaint, a defendant may move to dismiss for lack of subject-matter jurisdiction or failure to state a claim upon which relief can

6

be granted. See Fed. R. Civ. P. 12(b)(1), (6). To survive dismissal under Rule 12(b)(6), "a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" Doe v. Princeton Univ., 30 F.4th 335, 341-42 (3d Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)), and – accepting the plaintiff's factual assertions, but not legal conclusions, as true – "'plausibly suggest[]' facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged,'" id. at 342 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A motion to dismiss pursuant to Rule 12(b)(1) may attack subject-matter jurisdiction facially or factually. Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack does not dispute the facts as alleged in the complaint, id., and therefore essentially applies the same standard as Rule 12(b)(6), see Severa v. Solvay Specialty Polymers USA, LLC, 524 F. Supp. 3d 381, 389 (D.N.J. Mar. 10, 2021) (citing In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012)). A factual attack, on the other hand, challenges the allegations by which jurisdiction is asserted, permitting the court to weigh evidence outside the pleadings and placing a burden of proof on the plaintiff to demonstrate that jurisdiction indeed exists. See Davis, 824

7

F.3d at 346.

## III. Analysis

The Court has reviewed the parties' briefing and concludes that consideration of this matter must begin and end with standing.

Though Defendants seem to assert that Plaintiff lacks standing as part of their challenges under Rule 12(b)(6), (ECF 10-54 at 13-14; ECF 11-1 at 15-16), a motion to dismiss for lack of standing is governed by Rule 12(b)(1) because "standing is a jurisdictional matter," see Powell v. Subaru of Am., Inc., 502 F. Supp. 3d 856, 872 (D.N.J. Nov. 24, 2020) (quoting Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007)). "Standing is a 'threshold jurisdictional requirement, derived from the "case or controversy" language of Article III of the Constitution'" and must be established by the plaintiff in order for a court to possess jurisdiction over their claim. Id. (quoting Pub. Int. Rsch. Grp. of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 117 (3d Cir. 1997)). "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed." Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009) (quoting Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006)).

Standing under Article III requires that a plaintiff

establish:

> (1) an injury in fact (*i.e.,* a "concrete and particularized" invasion of a "legally protected interest"); (2) causation (*i.e.,* a "'fairly . . . trace[able]'" connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (*i.e.,* it is "'likely'" and not "merely 'speculative'" that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).
>
> <u>Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.</u>, 554 U.S. 269, 273-74 (2008) (alteration and omission in original) (quoting <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 560-561 (1992)).

Reviewing the complaint on its face, the Court holds that Plaintiff does not have standing to assert his claims. First, the Court recognizes that Plaintiff's claims rest, at least in part, on the allegation that the latter two assignments of the mortgage "are both void because the first of three instruments styled as an 'assignment' that was recorded by the Burlington County Clerk . . . is a forgery . . . ." (ECF 1 at ¶ 13). Even assuming that Plaintiff has established rights under the mortgage, "[i]n the context of a mortgage assignment, case law has held that a mortgagor, or borrower, does not have standing to allege that an assignment between two third parties is invalid." <u>English v. Fed. Nat'l Mortg. Ass'n</u>, No. 13-2028, 2013 WL 6188572, at *4 (D.N.J. Nov. 26, 2013) (collecting cases); <u>see also Pillitteri v. First Horizon Home Loans</u>, No. 14-03076, 2015 WL 790633, at *6 (D.N.J. Feb. 25, 2015) (discussing cases,

including English).

Furthermore, Plaintiff's complaint makes clear that White was the sole mortgagor and that he merely resided with her. (ECF 1 at ¶ 12). Therefore, the Court holds, Plaintiff is without standing to assert any other claim against Defendants with respect to the foreclosure and sale of the property. The Third Circuit's discussion in Frempong v. National City Bank of Indiana is instructive here. The plaintiff in Frempong filed a civil-rights complaint alleging fraudulent misrepresentation and impairment of his property interests following the foreclosure of a property for which his wife was the mortgagor. 452 F. App'x 167, 168 (3d Cir. 2011). After a hearing in which the plaintiff conceded that he was not named on the mortgage or deed for the property, the district court dismissed the action for lack of standing. Id. at 169-70. The Third Circuit affirmed, concluding that the plaintiff failed to satisfy the first prong of the standing requirement – injury in fact – because he never owned the property, his name was not on the deed, and he did not co-sign the mortgage note and therefore "had no legally protected interest in the property with respect to third parties." Id. at 171.

The Court finds that the facts of this case necessitate the same result. Plaintiff makes clear that White was the mortgagor

10

on the relevant mortgage note, not him, (ECF 1 at ¶ 12),[2] and despite Defendants' challenge for lack of standing, (ECF 10-54 at 13-14; ECF 11-1 at 15-16), Plaintiff fails to rebut this challenge in either his cross-motion opposing the Defendants' motions to dismiss or his August 22, 2022 letter to the Court, (ECF 15-1; ECF 22).  The Court thus holds that Plaintiff has failed to establish an injury in fact for standing purposes, see Frempong, 452 F. App'x at 171; see also Pitts v. Bayview Loan Servicing, LLC, No. 18-633, 2018 WL 6243037, at *5 n.3 (D.N.J. Nov. 29, 2018) (recognizing that the co-plaintiff "heir to the real property" was not a party to the mortgage or owner of the foreclosed property and did not plead how he relied upon or was harmed by the alleged fraudulent conduct and thus could not demonstrate that he suffered an injury in fact), and the complaint must be dismissed, see Common Cause of Pa., 558 F.3d at 257.

    Plaintiff's vague references to the New Jersey Rules of Court and New Jersey Anti-Eviction Act do not persuade the Court toward a different result.  Plaintiff cites New Jersey Rule of Court 4:30A for support of the proposition that he was required

---

[2] The Court relies on the facts as stated in the complaint for its conclusion.  It notes, however, that its reading of the complaint is confirmed by the exhibits attached to Defendants' motions, namely that Plaintiff is not listed as a grantee on the deed or borrower on the mortgage.  (ECF 10-2; ECF 11-3).

11

to be made a party to the state foreclosure action, (ECF 1 ¶ 12), but Rule 4:30A refers to non-joinder of claims required to be joined by the entire controversy doctrine, see N.J. R. Ct. 4:30A, and recognizes a carve-out for foreclosure actions that commands that "[u]nless the court otherwise orders on notice and for good cause shown, claims for foreclosure of mortgages shall not be joined with non-germane claims against the mortgagor or other persons liable on the debt," see N.J. R. Ct. 4:30A; 4:64-5.

Similarly, to the extent that Plaintiff relies on the New Jersey Anti-Eviction Act, he does not reference or include a copy of a lease or otherwise plead that he was a tenant of the property. The Anti-Eviction Act applies only to residential tenants and mere "[o]ccupancy of a dwelling unit does not make the occupant a residential tenant under the protection of the Anti-Eviction Act." Starns v. Am. Baptist Estates of Red Bank, 800 A.2d 182, 186 (N.J. Super. Ct. App. Div. 2002).

Because the Court holds that Plaintiff is without standing, it will not consider Defendants' alternative theories for dismissal, including the Rooker-Feldman doctrine, res judicata, and failure to state a claim upon which relief may be granted. See Commc'ns Workers of Am. v. Alcatel-Lucent USA Inc., No. 15-cv-8143, 2016 WL 7013463, at *9 (D.N.J. Nov. 30, 2016) ("Because no Plaintiff has standing to bring the ERISA claim, the Court

12

need not consider this claim on its merits."). Similarly, the Court will deny Plaintiff's cross-motion seeking denial of Defendants' motions to dismiss and to compel discovery as moot. See Lawson v. Rite Aid of Pa., Inc., No. 04-1139, 2006 WL 2136098, at *5 (E.D. Pa. July 26, 2006).

## IV. Conclusion

For the reasons stated above, Defendants' motions to dismiss, (ECF 10; ECF 11), will be granted and Plaintiff's cross-motion, (ECF 15), will be denied as moot.

An Order consistent with this Opinion will be entered.

Date: March 31, 2023              s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.